Filed 9/9/15  P. v. Thrash CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051726 |
| v. | (Super. Ct. No. 95NF1668) |
| WILLIAM LEONARD THRASH, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Sheila F. Hanson, Judge.  Affirmed.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

In 1996, a jury convicted defendant William Leonard Thrash of assault by means of force likely to produce great bodily injury (Pen. Code, § 245, former subd. (a)(1), now subd. (a)(4); all further statutory references are to this code), but found not true a charged enhancement that defendant inflicted great bodily injury (§ 12022.7, subd. (a)). The trial court later determined defendant had five prior out-of-state strike convictions (§§ 667, subds. (b)-(i), 1170.12), including, as relevant here, one Kentucky conviction for "malicious shooting with intent to kill." (§§ 667, subd. (d)(2), 1170.12 subd. (b)(2).) The court sentenced defendant to 25 years to life in state prison.

In 2013, defendant filed a petition for resentencing under section 1170.126. The trial court denied the petition, determining the prior Kentucky conviction constituted a disqualifying homicide offense in California. (§§ 1170.126, subd. (e)(3), 667 subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv).) Defendant filed a timely notice of appeal.

We appointed counsel to represent defendant. In his brief, counsel summarized the proceedings and facts necessary to decide this appeal, and while not arguing against defendant, counsel stated he found no arguable issues to present. (*Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493]; *People v. Wende* (1979) 25 Cal.3d 436.) Counsel notified defendant of his right to personally file a supplemental brief. Defendant was given 30 days to file written argument raising any points which he chose to call to the court's attention. We received no communication from him.

Defendant's counsel suggested this court consider two potential issues in conducting our independent review of the record: (1) whether collateral estoppel bars the trial court from making the determination that the prior Kentucky conviction constitutes a homicide offense in California; and (2) whether the court properly determined that defendant was ineligible for resentencing under section 1170.126.

We have considered these issues and reviewed the record according to our obligations under *People v. Wende*, *supra*, 25 Cal.3d 436 and *Anders v. California*, *supra*, 386 U.S. 738, but found no arguable issues on appeal. On the first question, since the nature of defendant's Kentucky conviction was not necessarily resolved in the prior

2

appeal, collateral estoppel does not apply. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341.) Second, the trial court properly determined defendant's Kentucky conviction amounted to an attempted homicide, thereby rendering defendant ineligible for resentencing under section 1170.126. (§§ 667, subd. (e)(2)(C)(iv)(IV), 1170.12, subd. (c)(2)(C)(iv)(IV).)

The postjudgment order is affirmed.


RYLAARSDAM, ACTING P. J.

WE CONCUR:


IKOLA, J.


THOMPSON, J.

3